THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LEO B. LENTZ, Defendant-Appellant.

Fourth District    No. 17366

Opinion filed May 27, 1982.

LONDRIGAN, J., dissenting.

Walter H. Kasten, of Springfield, for appellant.

Stephen H. Peters, State's Attorney, of Clinton (Robert J. Biderman and Denise M. Paul, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Defendant, Leo B. Lentz, appeals orders of the circuit court of De Witt County entered on May 14, 1981, after a bench trial finding him guilty of driving an automobile while his driver's license was revoked, and on June 17, 1981, sentencing him to 120 days' imprisonment, fining him $200, and placing him on probation for one year. We affirm.

Defendant maintains the trial court had no jurisdiction to try or convict him because no document charging him with the offense was on file with the court until June 17, 1981, when he was sentenced. The only charging instrument in the common law record certified to us by the clerk of the court below is a uniform traffic citation charging defendant with the offense for which he was convicted. No filing stamp of the nature used by the clerk of the trial court on other documents in the file, and used by many other clerks of court, appears on the document. No date in any way purporting to be a filing date appears on the front of the citation. A copy of the back of the citation as it appeared in the record is shown below.

CASE No. 81 TR 353 DOCKET No. _____ Page No. _____

| DATE | COURT ACTION And OTHER ORDERS |
|---|---|
| 6/17/81 | The within complaint has been examined and there is probable cause for filing the same. Leave is hereby granted to file the complaint. Complaint filed. |

Bail fixed at $ _____ Cash Bail Deposited $ _____

Driver's License or Chauffeur's License No _____ deposited in lieu of bail.

Bond Certificate No. _____ Issued by _____ deposited.

_____
Name and address of person giving bail

_____
Signature of person taking bail

Fine in the amount of $ 200.00 received as required by court schedule.

*Tony E. Daniels*
Signature of Clerk

Continuance to _____ Reason _____

Warrant Issued _____

Warrant served _____

Name of Hearing Judge *Harry E. Clem*

Trial by court (Jury) Plea *not guilty*

Defendant Arraigned *yes* Waives Trial by Jury *yes*

Finding by court *Guilty*

Bail forfeited _____

Finding by Jury _____

Guilty of violating Sec. or Para. 6-303 of the:

☒ Illinois Vehicle Code _____ ☐ Local Ordinance

☐ Chapter _____ Ill. Rev. Stat.

The court, therefore, enters following order:

Fined $ 200.00 + costs On Hearing

Fined $ _____ Ex Parte

Jailed _____ days in _____

Probation *1 year probation*

*Tony E. Daniels*
Signature of Judge

Appeal Bond of $ _____ Filed for _____

Appeal to _____ Court _____

Form 1,000  Byers Printing Company, Springfield, Illinois.

Defendant maintains that the notation "6/17/81" in the upper left-hand corner of the citation shows conclusively that the citation was filed on that date. We disagree. The back of the citation purports to list "Court Action and Other Orders." The date "6/17/81" is placed alongside a box which contained a statement that: (1) the complaint was examined; (2) a probable cause determination was made; (3) leave was granted to file the complaint; and (4) the complaint was then filed. The printed statement does not purport to be merely an acknowledgment by the clerk that the complaint was filed on a date placed to the left of the statement. Rather, the printed statement purported to show the entry of a series of orders culminating with the filing of the complaint, all on the date shown to the left. For the court to have made its findings and entered those orders after a series of proceedings in the case and after the defendant had been convicted would have been most unlikely.

Supreme Court Rule 552 (73 Ill. 2d R. 552) seems to use the words citation and complaint interchangeably. It states, "A final d[is]position noted on the reverse side of the 'Complaint' shall be evidence of the judgment in the case." The rule does not state that the notation is conclusive evidence of the judgments. No other statement is made in the rule as to the effect of other notations on the reverse side of the document. As the notation directly beside the date "6/17/81" was not of a "final disposition," the rule does not give it the status of being even "some evidence" of court action. It certainly was not conclusive evidence of the date of filing of the citation.

The docket sheet, on the other hand, under date of "6/17/81", makes extensive references to the sentencing hearing held on that date and the sentence being imposed. It makes no reference to the court examining the complaint, making a finding of probable cause and permitting the complaint to be filed.

After considering the entire record before us, we conclude the complaint or citation upon which the prosecution was based was on file and before the court from the time the case started. The case was given a docket number and a file was prepared for it upon its inception. This would have been unlikely to have happened without the filing of a complaint. Numerous subsequent notices were made and proceedings had. If no charges were on file, its lack would have been evident at those proceedings or at the subsequent bench trial. The date "6/17/81" was apparently placed at the top left of the back of the complaint by inadvertence. It should have been placed lower on the left side next to the portion of the form which had been filled in by pen to partially reflect the sentence actually imposed on June 17, 1981.

As we find the complaint to have been timely filed, we affirm.

Affirmed.

TRAPP, J., concurs.

JUSTICE LONDRIGAN, dissenting:

I dissent, for I do not see how a person can be tried and convicted before he has been charged with an offense; I have always thought that filing a charge commences rather than terminates a prosecution. I question the majority's reasoning, which begins by relying on the circuit court's docket sheet and ends, when the docket sheet proves insufficient, by presuming the regularity of the circuit court proceedings because those proceedings occurred.

The only indication of when the charge was filed is the date, June 17, 1981, written on the back of the ticket. To show that this date is incorrect, that the charge was filed at some other time, the majority uses the docket entry for that date, which does not mention filing the charge. The majority assumes that the ticket and the docket entry are inconsistent, but perhaps the docket entry is merely incomplete.

The docket sheet is no help, though, for it does not say when the ticket was filed. The majority therefore presumes the regularity of the proceedings, and yet this presumption would in effect explain away all jurisdictional defects. The majority believes that the charge must have been filed before June 17, 1981—indeed, must have been filed at the outset of the case—because the case was assigned a number, a file was prepared, and the defendant was tried and convicted. This reasoning begs the question, for trial and conviction are valid only if a charge is already on file.

The majority's presumption of regularity requires that jurisdictional objections be made before trial and conviction, or even before the assignment of a case number and the preparation of a file; an objection made after the occurrence of any of these events may be answered under the precedent created today by the reply that the case has begun and would not have begun without the filing of a charge.